1  Thomas G. Jarrard (WSBA #39774)
   LAW OFFICE OF THOMAS G. JARRARD, PLLC
2  1020 N. Washington St.
   Spokane, WA  99201
3  Telephone: (425) 239-7290
   tjarrard@att.net
4
   Matthew Z. Crotty (WSBA #39284)
5  CROTTY & SON LAW FIRM, PLLC
   905 W. Riverside Ave., Suite 404
6  Spokane, WA 99201
   Telephone: (509) 850-7011
7  matt@crottyandson.com

8  [Additional attorneys listed on following page]
   *Attorneys for Plaintiff*
9
                    **IN THE UNITED STATES DISTRICT COURT**
10                  **FOR THE EASTERN DISTRICT OF WASHINGTON**

11
   JUSTIN BAKER,                          | **No.  21-cv-162**
12                    Plaintiff,
                                          | **RELATED CASE No.  21-cv-114**
13   v.
                                          | **COMPLAINT AND DEMAND**
14   UNITED PARCEL SERVICE, INC.,         | **FOR JURY TRIAL**
15                    Defendant.          | **EXEMPT FROM FILING FEES**
                                          | **UNDER 38 U.S.C. § 4323(h)(1)**
16

17                        **NATURE OF THIS ACTION**

18     This is a civil action brought pursuant to the Uniformed Services Employment and

19  Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 - 4335 ("USERRA") and the

20  Washington Law Against Discrimination ("WLAD").    United Parcel Service

21

                        COMPLAINT AND JURY DEMAND - 1

Incorporated ("UPS") willfully violated Mr. Baker's USERRA and WLAD rights, by retaliating against him because he exercised his rights by filing a related class action complaint on behalf of thousands of servicemembers employed by UPS that alleges violations of USERRA. In this case, Mr. Baker seeks his lost wages and benefits, an injunction, as well as liquidated damages for Defendants' willful USERRA violations.

Plaintiff, Justin Baker, by and through his attorneys, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action arises under USERRA, a federal law, and 38 U.S.C. § 4323(b)(3), which provides the district courts of the United States with jurisdiction over any USERRA action brought against a private employer.

2. Venue is proper in this District under 38 U.S.C. § 4323(c)(2), because UPS "maintains a place of business" in this District at its Spokane facility. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims in this action occurred in this District.

3. All statutory conditions precedent to the initiation of this lawsuit have been fulfilled.

**PARTIES**

4. Plaintiff, Justin Baker resides in Spokane, Washington. He is and has been employed as a full-time package delivery driver by UPS at its Spokane, Washington

facility since approximately June 18, 2007. Mr. Baker has also served in the Army Reserve since 2014, having attained the rank of Sergeant. Mr. Baker is the named plaintiff in a related case, No. 21-cv-114 (hereinafter, "the putative Class Action").

5. UPS is a private employer within the meaning of 38 U.S.C. § 4303(4)(A) because it "pays salary or wages for work performed or . . . has control over employment opportunities." UPS is the only defendant in the putative Class Action, No. 21-cv-114.

**FACTUAL ALLEGATIONS**

6. On March 16, 2021, Mr. Baker filed the putative Class Action, No. 21-cv-114, which alleges that UPS denied leave benefits to servicemembers in violation of USERRA, 38 U.S.C. § 4316(b).

7. Upon information and belief, members of UPS management in Spokane, Washington were made aware of Mr. Baker's putative Class Action.

8. On March 22, 2021, Mr. Baker suffered an on-the-job back injury, filed the appropriate work-injury paperwork, and requested a temporary alternate work schedule ("TAW") as provided for in Article 14, § 2 of the National Master United Parcel Service Agreement ("CBA").

9. TAW is an alternate work schedule that allows the employee to continue to work within the limitations of their injury. The CBA provides:

> The Company may continue a modified work program on a nondiscriminatory basis. This program is designed to provide

COMPLAINT AND JURY DEMAND - 3

temporary work opportunity to those employees who are unable to perform their normal work assignments due to an on-the-job injury. Employees shall be provided their guaranteed hours with a start time no more than two (2) hours earlier or two (2) hours later than their normal start time for the duration of TAW, provided the work is available. The Company will make reasonable efforts to ensure that the assignment is within this window. These guaranteed hours will be reduced as medical restrictions dictate. Pay rates for TAW assignments will be at the employee's regular rate of pay.

10. On March 23, 2021, Mr. Baker returned to work.

11. On March 29, 2021, Mr. Baker's injury got worse and he went to the doctor, who told him to follow up in about a week and directed light duty until April 21, 2021.

12. On April 1, 2021, at 8:30AM, a nurse from the UPS's Labor and Industry ("L & I") agent called Mr. Baker at home and they spoke for just over one minute, where Mr. Baker described his back strain.

13. A half-hour later, Mr. Baker reported to work at 9:00AM, as usual, but was called into the Driver Manager's Office. He met with that Manager, Robert Fisher, and his shop steward, Hanna Smallwood. Mr. Fisher told Mr. Baker that there was no light duty he could perform, and that he was being placed on disability without pay for 3 days. Mr. Fisher then informed Mr. Baker that after 3 days without pay, he would be placed on L & I and would have to work with the L & I agent to be paid at a 60% rate of his full pay until being released back to full work.

14. The shop steward immediately informed Mr. Baker after the meeting that UPS's denial of TAW was completely out of the ordinary (colloquially, "BS"), because

it was being denied on a discriminatory basis; that at the moment there were at least three other employees on TAW with similar or worse conditions; and "everyone gets TAW for up to 30 days."

15. Immediately following this meeting, Mr. Baker went to the break room, where he saw three employees sitting, and he confirmed with them that they were all on TAW with full pay and limited work.

16. UPS has prevented Mr. Baker from returning to work since April 1, 2021.

17. On or about May 6, 2021, Mr. Baker delivered a medical release (to return to work) to his supervisor, but was not returned to work.

18. Upon information and belief, UPS has significant bulk delivery work available that Mr. Baker could perform within his medical restrictions if he is allowed to return to work.

19. Defendant's actions caused Mr. Baker damages in an amount to be proven at trial.

**CAUSE OF ACTION NO. 1 – VIOLATION OF USERRA, 38 U.S.C. § 4311(b)**

20. Defendants violated 38 U.S.C. § 4311(b) of USERRA, among other ways, by: (a) taking adverse employment actions against Mr. Baker following his filing of the related USERRA case; (b) singling Mr. Baker out because he exercised his USERRA rights; and (c) denying Mr. Baker pay and benefits of employment in retaliation for exercising his rights under USERRA.

## CAUSE OF ACTION NO. 2 – VIOLATION OF RCW 49.60.210

21. The Washington Law Against Discrimination (WLAD), RCW 49.60.210, makes it an unlawful practice for an employee to retaliate against an employee on account of the employee's military or veteran status, or who has opposed any unlawful practice based on the employee's military or veteran status.

22. UPS violated Mr. Baker's rights under the WLAD by retaliating against him for exercising his right to oppose unlawful practice based on the employee's military or veteran status.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against UPS on all claims and respectfully requests that this Court award the following relief:

A. Declare that Defendant violated the rights of Plaintiff under 38 U.S.C. § 4311(b);

B. Declare that Defendant's violations of USERRA were willful under 38 U.S.C. § 4323(d)(1)(C);

C. Order Defendant to pay liquidated damages in an amount to be determined at trial pursuant to 38 U.S.C. § 4323(d)(1)(C);

D. Declare that Defendant violated the rights of Plaintiff under the WLAD;

E. Award Plaintiff general damages;

1      F.    Award pre-judgment and post-judgment interest on any monetary relief awarded or required by order of this Court;

    G.    Require Defendant to pay attorneys' fees, expert witness fees, litigation expenses and costs pursuant to 38 U.S.C. § 4323(h); and

    H.    Grant such other and further relief as the Court deems proper, just, and/or equitable.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all causes of action and issues for which trial by jury is available.

Dated: May 14, 2021

Respectfully submitted,

/s/ *Thomas G. Jarrard*_____
Thomas G. Jarrard (WSBA #39774)
LAW OFFICE OF THOMAS G. JARRARD, PLLC
1020 N. Washington St.
Spokane, WA  99201
Telephone: (425) 239-7290
tjarrard@att.net

Matthew Z. Crotty (WSBA #39284)
CROTTY & SON LAW FIRM, PLLC
905 W. Riverside Ave., Suite 404
Spokane, WA 99201
Telephone: (509) 850-7011
matt@crottyandson.com

| | |
|---|---|
| 1 | Michael Scimone* |
|  | OUTTEN & GOLDEN LLP |
| 2 | 685 Third Avenue, 25th Floor |
|  | New York, NY 10017 |
| 3 | Telephone: (212) 245-1000 |
|  | Fax: (646) 509-2060 |
| 4 | mscimone@outtengolden.com |
| 5 | R. Joseph Barton* |
|  | BLOCK & LEVITON LLP |
| 6 | 1735 20th Street, NW |
|  | Washington D.C. 20009 |
| 7 | Telephone: (202) 734-7046 |
|  | Fax: (617) 507-6020 |
| 8 | jbarton@blockesq.com |
| 9 | Peter Romer-Friedman* |
|  | GUPTA WESSLER PLLC |
| 10 | 1900 L Street, NW, Suite 312 |
|  | Washington, DC 20036 |
| 11 | Telephone (202) 888-1741 |
|  | peter@guptawessler.com |
| 12 | |
|  | * *pro hac vice* application forthcoming |
| 13 | |
|  | *Attorneys for Plaintiff and the Proposed Class* |