FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 20, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUSTIN BAKER,<br><br>                    Plaintiff,<br><br>      v.<br><br>UNITED PARCEL SERVICE INC.,<br><br>                Defendant. | No.   2:21-cv-00162-SMJ<br><br>**SCHEDULING ORDER** |

The Court held a telephonic status conference in the above-entitled matter on **October 7, 2021**. Michael J. Scimone and Thomas G. Jarrard appeared on behalf of Plaintiff. James Milton Nelson and Naomi Beer appeared on behalf of Defendant.[1] The parties also filed a joint status report, ECF No. 24. The Court, having reviewed the documents in the file and discussed the adoption of a scheduling order with counsel, now enters the following Scheduling Order. The dates set forth in this Order may be amended **only** by Order of the Court and upon a showing of good cause.

**IT IS ORDERED:**

---

[1] At the status conference, Defense Counsel indicated they would acquire local counsel who maintained an office in the state of Washington. Counsel shall file a status report on their search **by no later than October 28, 2021**.

SCHEDULING ORDER – 1

### 1.   Rule 26(a)(1) Exchange

The parties have completed their exchange of Federal Rule of Civil Procedure 26(a)(1) material.

### 2.   Mediation by Federal Magistrate Judge

If the parties have not reached a resolution by **September 1, 2022** the Court will refer this matter to the Yakima Magistrate Judge for settlement purposes. In addition, the parties shall file a status report by **September 15, 2022** regarding the settlement process.

If the parties would like to pursue mediation before a Federal Magistrate Judge at an earlier date, the parties shall file an appropriate motion with the Court. However, if the parties elect to engage in private mediation, the mediation must be **completed** no later than ninety (90) days prior to trial.

### 3.   Add Parties, Amend Pleadings, and Class Certification

The parties shall, no later than **September 9, 2022**, file any documents related to the amendment of pleadings or the addition of parties. Additionally, the parties shall file any motion for class certification no later than **September 9, 2022**.

### 4.   Rule 26(a)(2) Expert Identification and Reports

#### *A.*   Generally

The parties are warned that failure to timely identify experts and provide reports in accordance with Rule 26 and this Order may result in exclusion of such

testimony absent good reason. *See Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052 (9th Cir. 2005). Additionally, Rule 26(a)(2) reports shall be emailed to the Court at MendozaOrders@waed.uscourts.gov.

### B.    Plaintiff - Initial Expert Identification

Plaintiff shall identify experts, serve those experts' Rule 26(a)(2) reports on Defendant, and email the Rule 26(a)(2) reports to the Court no later than **May 31, 2022**. Plaintiff shall also provide dates for which those experts can be available for deposition. Counsel must then file a notice with the Court indicating their compliance with this Order's Rule 26(a)(2) requirements.

### C.    Defendant - Initial Expert Identification

Defendant shall identify experts, serve those experts' Rule 26(a)(2) reports on Plaintiff, and email the Rule 26(a)(2) reports to the Court no later than **June 30, 2022**. Defendant shall also provide dates for which those experts can be available for deposition. Counsel must then file a notice with the Court indicating their compliance with this Order's Rule 26(a)(2) requirements.

### D.    Plaintiff - Rebuttal Expert Identification

Plaintiff shall identify rebuttal experts, serve those experts' Rule 26(a)(2) reports on Defendant, and email the Rule 26(a)(2) reports to the Court no later than **July 14, 2022**. Plaintiff shall also provide dates for which those experts can be available for deposition. Counsel must then file a notice with the Court indicating

their compliance with this Order's Rule 26(a)(2) requirements.

//

### 5.    Discovery Cutoff

#### *A.*    **Generally**

All discovery, including depositions and perpetuation depositions, shall be completed by **August 15, 2022** ("Discovery Cutoff"). The parties shall not file discovery on CM/ECF except those portions necessary to support motions or objections.

#### *B.*    **Interrogatories, Requests for Production, and Requests for Admission**

All interrogatories, requests for production, and requests for admission shall be served on the opposing party no later than seventy (70) days prior to the Discovery Cutoff. Requests for production shall be limited to thirty (30) requests, including subsections. A party needing relief from this limitation should seek relief from the Court by motion.

#### *C.*    **Protective Orders**

All motions for protective orders must be filed and served no later than forty (40) days prior to the Discovery Cutoff.

#### *D.*    **Sealed Documents**

Any and all sealed documents (e.g., medical records) shall be filed by the parties under the sealed event as a sealed document. The parties are not required to

file a separate motion to seal the documents. The parties shall file any objection to the sealed document(s) by **no later than five days** after the filing of the sealed document(s).

### E.    Motions to Compel

All motions to compel discovery must be filed and served no later than thirty (30) days prior to the Discovery Cutoff.

### 6.    Notice of To-Be-Adjudicated Claims and Affirmative Defenses

Each party shall file and serve a notice **no later than one (1) week after the Discovery Cutoff** indicating which previously pleaded claims and/or affirmative defenses will be adjudicated at trial.

### 7.    Dispositive and *Daubert* Motions

### A.    Generally

All dispositive and *Daubert* motions shall be **FILED AND SERVED** on or before **October 17, 2022**. Responses and replies to dispositive and *Daubert* motions shall be filed and served according to Local Civil Rule 7. No supplemental responses or supplemental replies to any dispositive or *Daubert* motions may be filed unless the Court grants a motion to file such documents.

### B.    Summary Judgment Motions

Parties are generally expected to set forth all their arguments in support of summary judgment in a single dispositive motion that conforms with the page limits

provided in the Local Civil Rules. No party shall file multiple, successive, or piecemeal motions for summary judgment without first obtaining leave of the Court.

### *C.* **Statement of Uncontroverted Facts**

The parties shall also file a Joint Statement of Uncontroverted Facts **no later than three (3) days** (excluding federal holidays and weekends) after service of the reply, with a courtesy copy emailed to MendozaOrders@waed.uscourts.gov.

### *D.* **Notice of Hearing**

Dispositive and *Daubert* motions shall be noted for hearing at least **fifty (50) days** after the date of filing. The parties will receive only one (1) hearing date per month for dispositive motions.

### 8. **Certification to the State Supreme Court**

The parties must identify any issue of liability or damages which should be certified to the Washington State Supreme Court no later than the date for the filing of dispositive motions.

### 9. **Motion Practice**

### *A.* **Notice of Hearing**

All matters requiring Court action must be filed and noted for hearing in accordance with Local Civil Rule 7. This includes stipulated or agreed motions and proposed orders. If a party seeks oral argument, counsel shall contact the Courtroom

Deputy at 509-943-8173 to obtain a hearing date and time. **Absent exceptional circumstances, all hearings with oral argument will occur in court and not by telephone or video conference.**

### *B.    Witness Testimony and Exhibits*

At any hearing, including trial, in which witness testimony is given, the witness must testify in Court and may not appear by telephone or video conference, absent exceptional circumstances.

In addition, if a motion is to be heard with oral argument, and a party plans to call witnesses or present exhibits, that party must file an exhibit and/or witness list by no later than **seventy-two hours** before the hearing on the motion.

Absent extraordinary circumstances, such as the discovery or receipt of new evidence, amended exhibit or witness lists are disfavored. Any party filing such a list must do so as soon as practicable and notify the Courtroom Deputy. The day before the hearing, the Courtroom Deputy will send to the parties the final exhibit and witness lists. If a party receives and intends to use an exhibit after the final list has been sent out, the party shall notify the Courtroom Deputy as soon as practicable.

- **Numbering:** the parties shall follow the numbering system outlined for trial exhibits. *See Paragraph 10 B*. Plaintiff shall consecutively number their exhibits from **1 to 999.** In single-defendant cases, Defendant shall

consecutively number exhibits from **1000 to 1999**; in multi-defendant cases, Defendants shall consecutively number exhibits from x000 to x999, substituting "x" for each Defendant's assigned case identifier (e.g., Defendant 3 would number exhibits from 3000 to 3999). Exhibits shall be pre-marked for identification before the hearing commences. Any deviations from these policies should be discussed with the Courtroom Deputy.

- **Identifying Exhibits:** For each listed exhibit, the party shall include a brief description of the exhibit. If the exhibit has been previously submitted to the Court as an attachment, the party shall also identify the **ECF number**.

- **Courtesy Copy Policy:** Courtesy copies of exhibits (e.g., courtesy binders) are **NOT** required. However, if a party wishes to provide the Court with courtesy copies, the party shall provide **two** copies.

If a party intends to use a laptop, thumb drive, or DVD or CD for presentation of documents, or audio or video recordings, that party must contact the Courtroom Deputy at least **one month** prior to the hearing and schedule an orientation of usage and test of compatibility.

//

//

//

### C.    Demonstrative Exhibits

If a party intends to use a demonstrative exhibit, such as a PowerPoint presentation, it must be submitted to the Court and all opposing parties at least **twenty-four hours** prior to its intended use.

### D.    Citing Previously Filed Documents

When a party references a document previously filed with or by the Court, the party shall cite to the document by the record number given to the document by the Clerk of the Court (e.g., "ECF No. 43"). Furthermore, because the Court is able to easily review previously filed court records, no such documents shall be attached as exhibits to any filing.

### E.    Reliance on Deposition Testimony

When a party relies on deposition testimony to support a position it takes in support or opposition to an issue, that party shall provide the Court with only the pertinent excerpts of the deposition testimony relied upon and shall cite to page and line numbers of the deposition it believes supports its position. *See generally* LCivR 56(c)(1), (e). Submission of the entire deposition and/or failure to cite to specific portions of the deposition may result in the submission being stricken from the record. *See Orr v. Bank of Am.*, 285 F.3d 764, 774–75 (9th Cir. 2002).

In addition, if both parties submit excerpts from the same deposition, they

shall meet and confer to develop a "master" deposition submission, which identifies for the Court the deposition excerpts relied upon by each party. Plaintiff shall highlight excerpts in yellow and Defendant shall highlight excerpts in blue; testimony relied upon by both parties shall be underlined. Master deposition submissions shall be filed no later than three (3) days after service of the reply.

### *F.* **Supplemental Responses or Replies**

No supplemental responses or supplemental replies to any motion may be filed unless the Court grants a motion to file such documents.

### *G.* **Motions to Reconsider**

Although motions to reconsider are disfavored, any such motion shall be filed no later than fourteen (14) days after the filing date of the order that is the subject of the motion and shall be noted for hearing **without oral argument**. No responses or replies to motions to reconsider shall be filed unless the Court expressly requests responses or replies. Counsel shall follow Civil Rule 7(h) of the Local Rules for the United States District Court for the **<u>Western District of Washington</u>**. **Motions to reconsider shall not exceed five (5) pages.**

### *H.* **Requests to Strike Material Contained in Motion or Briefs**

Requests to strike material contained in or attached to submissions of opposing parties shall not be presented in a separate motion to strike, but shall instead be included in the responsive brief, and will be considered with the

underlying motion. The single exception to this rule is for requests to strike material contained in or attached to a reply brief, in which case the opposing party may file a surreply requesting that the Court strike the material, subject to the following: (i) that party must file a notice of intent to file a surreply as soon after receiving the reply brief as practicable; (ii) the surreply must be filed within five (5) days of the filing of the reply brief, and shall be strictly limited to addressing the request to strike; any extraneous argument or a surreply filed for any other reason will not be considered; (iii) the surreply shall not exceed three (3) pages; and (iv) no response shall be filed unless requested by the Court.

This does not limit a party's ability to file a motion to strike otherwise permitted by the Federal Rules of Civil Procedure, including Rule 12(f) motions to strike material in pleadings. The term "pleadings" is defined in Rule 7(a).

### *I.* **Decisions on Motions**

The parties and counsel may call the Judge's chambers at 509-943-8160 to inquire about the status of a decision on a motion if the Court has not issued an order within thirty (30) days of the motion's hearing date.

### 10. **Witness and Exhibit Lists for Trial**

Witness and exhibit lists shall be filed and served, and exhibits shall be made available for inspection or copies shall be provided to the parties, no later than **November 25, 2022.**

### A.    Witness Lists

Witness lists shall include a brief description of the witness, a brief summary of the witness' anticipated testimony, whether the witness will be called as an expert, and any known trial date or time conflicts that witness has.

### B.    Exhibit Lists and Proposed Exhibits

Exhibit lists shall include a brief description of the exhibit. All exhibits must be pre-marked for identification using the numbering convention set out in Section 9.B of this Order.

### C.    Objections

Objections to witnesses or exhibits shall be filed and served on or before **December 2, 2022**, **and shall be heard at the pretrial conference**. All objections to witnesses shall set forth a legal basis and explanation for the objection. Objections to an exhibit, or portion thereof, shall be accompanied by a full and complete copy of the exhibit in question and a short legal explanation for the objection. The party seeking admission of the witness or exhibit has five (5) days, excluding federal holidays and weekends, to file a response to the opposing party's objection; no reply shall be filed.

### D.    Exhibits Without Objection

Counsel shall prepare and file a list of all exhibits which will be admitted

without objection no later than **January 18, 2023**.

### E.    Exhibits for Jury Deliberations

Only those exhibits admitted <u>and</u> used during trial will be given to the jury during deliberations.

### 11.    Deposition Designations

### A.    Generally

Designation of substantive, as opposed to impeachment, deposition or prior testimony to be used at trial shall be highlighted—in yellow by Plaintiff or in blue by Defendant—and each party shall serve a complete, highlighted transcript of the deposition or prior testimony on or before **November 25, 2022**.

### B.    Cross-Designations

Cross-designations shall be highlighted—in yellow by Plaintiff or in blue by Defendant—in the transcript containing the opposing party's initial designations, and shall be served on or before **December 2, 2022**.

### C.    Objections

All objections to designated deposition or prior testimony and the legal bases for the objections, shall be filed and served on or before **December 9, 2022**. Any designated deposition or prior testimony objected to shall be underlined in black in a complete yellow and blue highlighted copy of the deposition or prior testimony transcript described above. A paper copy of the underlined document shall be filed

and served with the objections. The party seeking admission of the testimony has five (5) days, excluding federal holidays and weekends, to file a response; no reply shall be filed. If the deposition was video recorded and the recording is to be used at trial, the party seeking to use the recorded deposition shall indicate the relevant portion on both the written transcript and the recording. Similarly, objections shall be made on the written transcript as explained above along with the applicable time stamp on the video recording noted. All objections to deposition and prior testimony designations shall be heard and resolved at the pretrial conference with the video recording available for display.

### 12.     Motions *in Limine*

Unresolved evidentiary issues that may foreseeably arise during trial shall be addressed by motions *in limine* to be filed and served on or before **December 2, 2022**. The Court will address such motions at the pretrial conference. However, motions *in limine* may not reargue issues already decided by the Court. "[M]otions in limine address evidentiary questions and are inappropriate devices for resolving substantive issues." *E.g.*, *Magadia v. Wal-Mart Assocs., Inc.*, No. 17-CV-00062-LHK, 2018 WL 6003376, at *3 (N.D. Cal. Nov. 15, 2018). Motions *in limine* shall be specific to potential evidentiary issues in *this case*; they shall not merely recite the Federal Rules of Evidence or other rules. The Court will deny any overly general motions *in limine*.

**13.    Pretrial Order**

*A.*    **Generally**

A Joint Proposed Pretrial Order prepared in accordance with Local Civil Rule 16(e) shall be filed on or before **November 29, 2022**. Counsel are instructed to email the proposed order, in Microsoft Word or text-only format, to MendozaOrders@waed.uscourts.gov.

*B.*    **Exhibit List**

The list of exhibits contained in the Joint Proposed Pretrial Order shall reflect the exhibit marking scheme described above. In preparing the Joint Proposed Pretrial Order, the parties shall confer regarding duplicative exhibits and determine which party will submit such exhibits for trial.

**14.    Pretrial Conference**

An **in-person** pretrial conference will be held at **9:00 A.M. on December 13, 2022**, in **Spokane**, Washington. All counsel trying the case must be present at the pretrial conference.

**15.    Trial Briefs, *Voir Dire*, and Jury Instructions**

*A.*    **Generally**

Trial briefs, requested *voir dire*, and joint proposed jury instructions shall be filed and served on or before **January 18, 2023**.

*B.*    **Requested *Voir Dire***

Each party shall file suggested questions for the Court to ask during *voir dire*.

### C.    Trial Brief Length

Trial briefs shall not exceed twenty (20) pages without prior Court approval. To obtain such approval, a party must file a motion to file an over-length brief, demonstrating good cause why supplemental briefing is necessary.

### D.    Jury Instructions

The parties' joint proposed jury instructions shall be presented in the following format:

*(i) "Table of Contents"*

This section shall list the proposed instructions by number, brief title or subject-matter, and authority, i.e., Ninth Circuit model instruction number, statute citation, or case citation.

*(ii) "Section I: Preliminary Instructions"*

This section shall include the language of all instructions the parties would like the Court to provide prior to opening statements, including a "statement of the case" and "undisputed facts" instructions. One (1) instruction per page if possible, with citation to the authority for the instruction.

*(iii) "Section II: Final Instructions"*

This section shall include the language for all instructions the parties would like the Court to provide prior to closing arguments. One (1) instruction per page if

possible, with citation to the authority for the instruction. A party proposing an instruction that differs from a Ninth Circuit model instruction should submit a memorandum in support of the instruction, with appropriate citations to case law. The final instructions section shall, at a minimum, include instructions regarding the elements of each claim or defense and the relief sought, and shall otherwise comply with Local Civil Rule 51(a).

*(iv) "Section III: Verdict Form"*

This section shall include a proposed verdict form.

### E.    Individually Proposed Jury Instructions

If the parties are unable to agree on certain instructions, they are to submit individually proposed jury instructions no later than the date the joint proposed instructions are due. All individually submitted proposed instructions must adhere to the format described above for joint proposed instructions and must not include the instructions on which the parties agree.

### F.    Objections

Any objections to the opposing party's individually submitted proposed instructions must be filed no later than five (5) days, excluding federal holidays and weekends, after the individual proposed instructions were filed. All objections shall set forth the basis for the objection and briefly explain, with appropriate citations to case law, why the instruction in question should not be used or should be altered.

### G.    Courtesy Copies

Counsel are instructed to email courtesy copies of their joint and individually proposed jury instructions, in Microsoft Word or text-only format, to MendozaOrders@waed.uscourts.gov.

### 16.    Trial

The **JURY TRIAL** shall commence at **9:00 A.M.** on **January 30, 2023**, in **Spokane**, Washington, and is estimated to last **four days**. The **final** pretrial conference will begin at **8:30 AM**.

### 17.    General Court Protocol

#### A.    Conduct of Counsel

Counsel are to read and abide by Local Civil Rule 83.1 and Washington Rule of Professional Conduct 3.4.

#### B.    Exhibits at Hearings

In accordance with Local Civil Rule 83.1(f), each party shall bring to any hearing on the merits, photocopies of their relevant pre-marked exhibits for the Court, opposing counsel, and testifying witness, unless it is not possible to do so because of the nature of an exhibit.

#### C.    Exhibits for Trial

As the Court now utilizes the Jury Evidence Recording System ("JERS") during trial, counsel shall submit two (2) weeks prior to trial all proposed exhibits

on a digital video disc ("DVD") or compact disc ("CD"). The disc shall be labeled with the title of the case and the name of the party for whom the exhibits are submitted. A hard copy of the party's exhibit list that includes the electronic file name for each exhibit shall be submitted with the DVD or CD. Unless otherwise directed by the Court, the disc will not be returned to counsel. The parties shall be prepared, as is the usual practice, to submit hard copies of any exhibit admitted during trial. Counsel shall contact the Courtroom Deputy, Nicole Cruz, at least one (1) week prior to the pretrial conference to discuss the JERS system.

### D.    Time Sensitive Material

Any time-sensitive materials should be faxed to the Judge's chambers at 509-943-8161.

### E.    Emailing the Court

Whenever a party emails documents, as required by the Court, to MendozaOrders@waed.uscourts.gov, those documents shall be in Microsoft Word or text-only format. Additionally, the subject line of the email shall be as follows: [Case Name; Case Number; Document Title; Label for Attached Document].

//

//

//

//

SCHEDULING ORDER – 19

1  //

2  //

3  //

4  //

5    **18.    Summary of Deadlines**

| Rule 26(a)(1) exchange | **Completed** |
|---|---|
| Deadline to add parties, amend pleadings, and file for class certification | **September 9, 2022** |
| Rule 26(a)(2) expert reports produced to other parties and emailed to the Court:<br>        Plaintiff – Initial Experts:<br>        Defendant – Initial Experts:<br>        Plaintiff – Rebuttal Experts: | <br><br>**May 31, 2022**<br>**June 30, 2022**<br>**July 14, 2022** |
| All interrogatories, requests for production, and requests for admission, served | **70 Days Before Discovery Cutoff** |
| Motions for protective orders filed | **40 Days Before Discovery Cutoff** |
| Motions to compel discovery filed | **30 Days Before Discovery Cutoff** |
| **Discovery Cutoff** | **August 15, 2022** |
| Notice of to-be-adjudicated claims and affirmative defenses filed | **1 Week After Discovery Cutoff** |
| All dispositive, *Daubert*, and state certification motions filed | **October 17, 2022** |
| Witness and exhibit lists:<br>        Lists filed and served:<br>        Objections filed and served: | <br>**November 25, 2022**<br>**December 2, 2022** |
| Deposition designations:<br>        Designated transcripts served:<br>        Cross-designations served:<br>        Objections filed and served: | <br>**November 25, 2022**<br>**December 2, 2022**<br>**December 9, 2022** |
| All motions *in limine* filed | **December 2, 2022** |
| Joint Proposed Pretrial Order filed and emailed to the Court | **November 29, 2022** |

SCHEDULING ORDER – 20

| Confer with Courtroom Deputy regarding JERS | **1 Week Before Pretrial Conference** |
|---|---|
| **PRETRIAL CONFERENCE** | **December 13, 2022 9:00 A.M. - Spokane** |
| Trial briefs, jury instructions, verdict forms, requested *voir dire*, and list of exhibits admitted without objection, filed and emailed to the Court | **January 18, 2023** |
| Exhibits for trial | **2 Weeks Before Trial** |
| Referral to Magistrate Judge | **September 1, 2022** |
| Mediation, if any, must be completed by | **90 Days Before Trial** |
| **FINAL PRETRIAL CONFERENCE** | **January 30, 2023 8:30 A.M. - Spokane** |
| **JURY TRIAL** | **January 30, 2023 9:00 A.M. - Spokane** |

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 20th day of October 2021.

SALVADOR MENDOZA, JR.
United States District Judge